UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK J POWELL, FRANK GAYALDO, and 209 TIMES,<br><br>Defendants. | No. 2:25-cv-0817 DJC AC PS<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. ECF No. 2; See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. Plaintiff also filed a motion for temporary restraining order. ECF No. 3.

I. SCREENING

A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the

1

complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### B.   The Complaint

Defendant alleges that defendant 209 Times is an "online media platform" and defendants Patrick J. Powell and Frank Gayaldo are associated with this media outlet. ECF No. 1 at 2. Plaintiff alleges that on or about March 10, 2024, plaintiff received a text message from Gayaldo asking whether plaintiff was running for State Assembly. Id. Defendant Gayaldo sent plaintiff threatening text messages revealing personal information about plaintiff. Id. Plaintiff met Gayaldo at a Denny's restaurant, where the threats escalated, and Gayaldo told plaintiff he should not run for public office. Id. Plaintiff alleges that defendant claimed to be affiliated with local law enforcement and the District Attorney's Office. Id.

Plaintiff brings four causes of action. First, plaintiff alleges violations of his civil rights under §1983, asserting defendants acted under color of state law to intimidate and threaten plaintiff and suppress his political participation. Id. at 3. Plaintiff's remaining causes of action, Defamation, Extortion, and Intentional Infliction of Emotional Distress are brought under state law. Id. Plaintiff alleges Extortion under the California Penal Code. Id.

### C.   Discussion

Plaintiff's complaint cannot be served at this time for several reasons, as explained in detail below.

#### 1.   The Complaint Does Not State a §1983 Claim Against Private Actors

First, plaintiff's federal claims, as drafted, fail as a matter of law. Plaintiff is suing a private media outlet and journalists under 42 U.S.C. §1983. In general, rights secured by the

3

Constitution are protected only against infringements by the government, and individuals engaged in private action cannot be sued for constitutional violations under 42 U.S.C. § 1983. Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982). There are certain limited circumstances in which a litigant may seek damages under 42 U.S.C. § 1983 from a private party based on a violation of a constitutional right: § 1983 liability "extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." Brunette v. Humane Society of Ventura County, 294 F.3d 1205, 1209 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002).

"Whether a private party engaged in state action is a highly factual question." Id. There are three tests the court may look to in order to make a determination: (1) the "joint action test," which examines whether private actors are willful participants in joint action with the government or its agents; (2) the "symbolic relationship test," which asks whether the government has so far insinuated itself into a position of interdependence with a private entity that the private entity must be recognized as a joint participant in the challenged activity; and (3) the "public functions test," which inquires whether the private actor performs functions traditionally and exclusively reserved to the States. Id. at 1211. While the Ninth Circuit has "previously accepted the theoretical possibility of joint action between law enforcement and the media," it is not enough for a plaintiff to make a "generalized allegation of a wink and nod understanding" between the media and the government. Id. at 1212.

Plaintiff's conclusory statement that the journalist Gayaldo and the media outlet defendants were acting under color of law is not enough to extend § 1983 liability to these private actors. Nor is his assertion that Gayaldo "claimed affiliation with local law enforcement and the District Attorney's Office." ECF No. 1 at 2. Plaintiff must present facts showing that defendants not only were connected to local government but were exercising governmental authority such that their actions are fairly attributable to the state. See West v. Atkins, 487 U.S. 42, 49-50 (1988). As pleaded, the complaint does not establish a § 1983 claim against any defendant because there are no facts showing action under color of law.

### 2. The Court Would Decline Jurisdiction over the Remaining Sate Claims

Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 438 (2019). While federal courts exercise "supplemental jurisdiction" over state claims when there is also a federal claim in the case that gives rise to the court's federal jurisdiction, if all federal claims are dismissed, the court may decline supplemental jurisdiction over remaining state claims. 28 U.S.C.A. § 1367(a) and (c). In general, "when federal claims are dismissed before trial ... pendent state claims should also be dismissed." Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992).

Here, as explained above, the complaint as drafted does not state a § 1983 claim and there are no other federal causes of action asserted. The federal claims under §1983 are the only basis for jurisdiction in this case. If plaintiff is unable to state a federal claim, the court would recommend dismissal of the remaining state claims.

### 3. Plaintiff Cannot Sue for a Criminal Violation

Even if the court retained jurisdiction over this case, plaintiff's third cause of action for extortion is an alleged criminal violation, and plaintiff does not have authority to bring criminal claims. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). No amendment can cure the unavailability of these criminal causes of action.

### 4. Additional Problems

In addition to the problems outlined above, the court notes that although plaintiff names Patrick J. Powell and 209 Times as defendants, he does not make any allegations against either defendant. In the statement of facts, plaintiff only describes the actions of defendant Gayaldo.

Further, plaintiff did not sign the complaint as required by the Local Rules of this court. ECF No. 1 at 4; L.R. 131(b).

For all the foregoing reasons, the complaint cannot be served. However, rather than recommending dismissal, the court will allow plaintiff to file an amended complaint correcting the problems outlined above.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. Specifically, plaintiff must allege facts that show that the private defendants were government actors such that § 1983 applies to them. He should not include any criminal causes of action in the amended complaint.

In addition, the amended complaint must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). You should not name defendants that do not have any facts alleged against them. The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

///

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. RECOMMENDATION ON TEMPORARY RESTRAINING ORDER

Plaintiff filed a motion for a temporary restraining order asking the court to restrain Montezuma Sanchez (who is not named as a defendant in the complaint), Frank Gayaldo, and the 209 Times staff and volunteers from "making further defamatory, harassing, or retaliatory statements regarding Plaintiff in any public forum[.]" ECF No. 3 at 1. A temporary restraining order or "TRO" may be issued only upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 439 (1974). A TRO is an extraordinary remedy, and a plaintiff who requests a TRO must prove that remedy is proper by a clear showing. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

When determining whether to issue a temporary restraining order, a court looks to the factors that guide the evaluation of a request for preliminary injunctive relief, including whether the moving party "[1] is likely to succeed on the merits, ... [2] likely to suffer irreparable harm in the absence of preliminary relief, ... [3] the balance of equities tips in [its] favor, and ... [4] an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Here, plaintiff has not demonstrated that he is likely to succeed on the merits. As explained above, unless plaintiff can provide additional facts regarding defendants working as government actors, this case will likely be dismissed for lack of jurisdiction. Further, though plaintiff indicates that the motion for a TRO could not have been brought earlier (ECF No. 3-1 at 1), the facts alleged in the complaint took place over a year ago and plaintiff does not allege any facts indicating ongoing or imminent harm. Accordingly, he makes no showing that he will suffer irreparable harm in the absence of preliminary relief. For these reasons, the undersigned recommends the motion for a TRO be denied.

## IV.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. If you want to bring §1983 constitutional claims against private people or businesses, you need to provide enough facts to show that they were acting as government actors. You cannot base claims in a civil lawsuit on alleged violations of criminal laws. Finally, you should only name defendants that you make specific factual allegations against. You also need to be sure to sign your pleadings. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

It is also being recommended that your motion for a temporary restraining order be denied because your complaint, as drafted, does not state a claim, and because you did not show that there is a risk of irreparable imminent harm. You have 21 days to object to this recommendation if you wish to do so. The District Judge will make a final decision.

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED; and plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

///

1    Further, it is hereby RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 3) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  April 3, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE