UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO RODRIGUEZ, | No. 2:25-cv-0817-DJC-AC |
| Plaintiff, | |
| v. | <u>ORDER</u> and |
| PATRICK J. POWELL, et al, | <u>ORDER TO SHOW CAUSE</u> |
| Defendants. | |

     Plaintiff is a state prisoner proceeding in pro se. Plaintiff filed a complaint, a motion to proceed in forma pauperis (IFP), and a motion for a temporary restraining order on March 12, 2025. ECF Nos. 1, 2, 3. On April 4, 2025, the undersigned granted plaintiff's motion for leave to proceed IFP, recommended to the district judge that plaintiff's motion for a temporary restraining order be denied, and recommended that the complaint be rejected for service pursuant to the screening process that accompanies IFP status, with leave to amend. ECF No. 4. The Findings and Recommendations were adopted on May 27, 2025. ECF No. 6. Plaintiff sought and was granted an extension of time to file an amended complaint. ECF Nos. 7, 8. On July 31, 2025, plaintiff filed a notice of updated address and requested a second extension of time to file the amended complaint. ECF No. 9. The court granted the request and informed plaintiff that the amended complaint was due no later than September 26, 2025. ECF No. 10.

     Plaintiff did not file the anticipated amended complaint. Instead, he has filed a second

motion to proceed in forma pauperis (ECF No. 11) and a motion to appoint counsel (ECF No. 12).

### I.     Motion to Proceed In Forma Pauperis

Plaintiff's second motion to proceed in form pauperis is redundant and unnecessary because plaintiff is already proceeding with in forma pauperis status.  Accordingly, the motion (ECF No. 11) is DENIED as moot.

### II.     Motion to Appoint Counsel

Plaintiff requests that the court appoint counsel, asserting that his imprisonment greatly limits his ability to litigate, and the issues involved in this case are complex.  ECF No. 12 at 1. Plaintiff notes that he has attempted to find counsel on his own and has been unable to find representation.  Id. at 2.

In civil cases, appointed counsel "is a privilege and not a right."  United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted).  "Appointment of counsel should be allowed only in exceptional cases."  Id.  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's case is not overly complex.  The fact that plaintiff is incarcerated does not constitute an exceptional circumstance.  "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel."  Kent v. U.C. Davis Med. Ctr., No. 215CV1924WBSACP, 2016 WL 4208572, at *1 (E.D. Cal. Aug. 10, 2016).  Appointment of counsel therefore is not appropriate.  The motion to appoint counsel (ECF No. 12) is DENIED.

### III.     Order and Order to Show Cause

Plaintiff's second motion to proceed in forma pauperis (ECF No. 11) is DENIED as MOOT and plaintiff's motion to appoint counsel (ECF No. 12) is DENIED.

2

Further, plaintiff has not filed an amended complaint, and the time to do so has passed. IT IS HEREBY ORDERED that plaintiff shall show cause, in writing, no later than October 24, 2025, why the failure to file an amended complaint should not result in a recommendation that this case be dismissed for failure to prosecute. The filing of an amended complaint within this timeframe will serve as cause and will discharge this order. If plaintiff fails to respond, the court will recommend dismissal of this case pursuant to Local Civil Rule 110.

IT IS SO ORDERED.

DATED: October 8, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE